**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CAROL J. DEICHMANN, and** ) | |
| **TERRY L. DEICHMANN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 05-cv-0831-MJR |
| ) | |
| **WAVEWARE USA,** ) | |
| **WAVEWARE, LTD., and** ) | |
| **QVC, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM and ORDER**

REAGAN, District Judge:

In November 2005, Carol and Terry Deichmann filed suit in this Court, asserting that Carol was injured after using a product ("Cozy Toze" shoe warmer inserts) manufactured, advertised, and/or distributed by three named Defendants. The complaint contained claims of negligence, strict liability, breach of warranty, and loss of consortium. The Deichmanns invoked subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**.

The case came before the undersigned Judge for threshold review in December 2005, after a lawyer entered her appearance on behalf of one of the Defendants. On December 27, 2005, the Court – via electronic Order (Doc. 7) – raised a question regarding the amount in controversy and directed the Deichmanns' counsel to file either an amended complaint or a jurisdictional memorandum by January 6, 2006. The pleading was needed to address the Court's concerns regarding whether the amount in controversy sufficed.

As of January 11, 2006, Plaintiffs' counsel had not filed an amended complaint, had

not filed a jurisdictional memorandum, and had not sought additional time to do either. This hampers the Court's ability to ascertain that subject matter jurisdiction properly lies.

The Court now **DIRECTS** Plaintiffs' counsel – on or before January 18, 2006 – to file a memorandum showing cause why this case ought not be dismissed under **FEDERAL RULE OF CIVIL PROCEDURE 41(b)**.

The Court further **DIRECTS** Plaintiffs' counsel to file – by January 18, 2006 – a Jurisdictional Memorandum explaining how the amount in controversy exceeds $75,000, as needed to support the exercise of diversity jurisdiction.

The Court **WARNS** Plaintiffs' counsel that if he fails to comply with this Order by January 18, 2006, the case will be dismissed under Rule 41(b).[1] The Clerk of Court is **DIRECTED** to send a paper copy of this Order to Plaintiffs' counsel, who has not yet signed up to participate in this Court's mandatory electronic case filing system. This is the last document the Court will mail to counsel in paper form. Plaintiffs' counsel has been notified three times that he must sign up for the electronic filing system (notices were sent 11/23/05, 12/27/05, and 12/28/05).

IT IS SO ORDERED.

DATED this 11th day of January, 2006.

                        s/ Michael J. Reagan
                        MICHAEL J. REAGAN
                        United States District Court

---

[1] The law of this Circuit provides that Rule 41(b) dismissal should not be entered unless the district court has given plaintiff's counsel "due warning" that dismissal is possible. *Harrington v. City of Chicago*, – F.3d –, 2006 WL 9253, *6 (7th Cir. Jan. 3, 2006), *citing Ball v. City of Chicago,* 2 F.3d 752, 755-56 (7th Cir. 1993), *Tango Music, LLC v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2004).